Patrick G. Byrne, Esq. (Bar No. 7696)
Richard C. Gordon, Esq. (Bar No. 9036)
Chad R. Fears, Esq. (Bar No. 6970)
Casey G. Perkins, Esq. (Bar No. 12063)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Emails:  pbyrne@swlaw.com
         rgordon@swlaw.com
         cfears@swlaw.com
         cperkins@swlaw.com

*Attorneys for Plaintiff City of North Las Vegas*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CITY OF NORTH LAS VEGAS,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, NEVADA; THE UNITED STATES OF AMERICA, Acting By and Through the Secretary of the Air Force; UNITED STATES DEPARTMENT OF THE AIR FORCE; and MICHAEL B. DONLEY, Secretary of the Air Force,<br><br>Defendants. | CASE NO.: 2:11-cv-00944-PMP-PAL<br><br>**STIPULATED JUDGMENT** |

This matter appears before the Court on a stipulated judgment between Plaintiff, City Of North Las Vegas ("CNLV"), and Defendants, The United States of America, Acting By and Through the Secretary of Air Force; the United States Department of Air Force; and Michael B. Donley, Secretary of the Air Force ("United States").

**NOW, THEREFORE**, based on this stipulation and as supported by the facts submitted in this proceeding and the law,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

### I. PROCEDURAL HISTORY

1.   On June 9, 2011, CNLV filed a Complaint in the United States District Court for the District of Nevada for declaratory relief against Clark County, Nevada and the United States pursuant to 28 U.S.C. § 1346(f) and the Quiet Title Act, 28 U.S.C. § 2409a, alleging that CNLV entered into 50-year Enhanced Use Lease Agreement ("EUL") with the United States Department of the Air Force for the purpose of construction and operation of a water reclamation facility ("WRF") on Nellis Air Force Base and that pursuant to the EUL the United States Department of the Air Force granted CNLV a Discharge Easement allowing CNLV to build and maintain a discharge line from the WRF into a channel located on Nellis Air Force Base, called Range Wash.

2.   On June 15, 2011, Clark County filed an Answer to CNLV's Complaint and asserted counterclaims for trespass, nuisance and declaratory relief with respect to CNLV's discharge of treated water from the WRF.

3.   On June 16, 2011, Clark County filed a Motion for Temporary Restraining Order seeking to enjoin CNLV from discharging treated water from the WRF into the Range Wash, which naturally flows into a county-controlled flood channel called Sloan Channel.

4.   On June 17, 2011, Clark County filed a Suggestion that Subject Matter Jurisdiction is Wanting arguing that the United States District Court for the District of Nevada lacked subject matter jurisdiction over this case.

5.   On June 20, 2011, the Court held a hearing on Clark County's Motion for Temporary Restraining Order during which the Court expressed doubt that subject matter jurisdiction existed under the Quiet Title Act. At the time of the hearing, the United States had not been served with CNLV's Complaint, and it did not appear at the hearing.

6.   The Court permitted Clark County to withdraw its Motion for Temporary Restraining Order and ordered CNLV and Clark County to brief the issue of subject matter jurisdiction. The Court also ordered CNLV to serve the United States with the summons and Complaint and ordered the United States to submit a responsive brief on the issue of subject matter jurisdiction.

7.  On June 23, 2011, CNLV filed its Memorandum of Points and Authorities in Support of Subject Matter Jurisdiction. On June 29, 2011, Clark County filed its Memorandum in Support of Suggestion of No Jurisdiction. On July 8, 2011, CNLV filed its Reply Memorandum of Points and Authorities in Support of Subject Matter Jurisdiction. On July 12, 2011, the United States filed its Responsive Memorandum Regarding Jurisdiction.

8.  On August 8, 2011, CNLV filed a Motion for Leave to File First Amended Complaint.

9.  On August 9, 2011, the Court entered an Order stating that the Court would exercise subject matter jurisdiction with respect to the declaratory judgment action by CNLV and against the United States under the Quiet Title Act. The Court declined to exercise supplemental jurisdiction over CNLV's claims against Clark County and Clark County's counterclaims against CNLV.[1]

## II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

10. In 1984, the United States granted to Clark County a perpetual easement ("County Easement") for

> a right-of-way for the construction, operation and maintenance of a flood control channel, known as the Sloan Channel and related facilities thereto, hereinafter referred to as "Channel" over, across, in and upon land of the United States at the location shown on Drawing No. 257-K-141.2. . . more particularly described as follows:
>
> Unit A-13; A strip of land 90 feet wide comprising approximately 25.80 acres, more or less, within Nellis Air Force Base, in Clark County, State of Nevada, as described in the legal description marked Exhibit "B", attached hereto and made a part hereof, with right of ingress and egress thereto.

11. The County Easement contains a number of conditions, including the following:

> 2. The installation and/or operation and maintenance of said channel shall be accomplished without cost or expense to the United States under the general supervision and subject to the approval of the officer of the Air Force having immediate jurisdiction over the property, hereinafter designated as "said officer," and in such manner as not to endanger personnel or property of the United States on the said United States land or

---

[1] CNLV's claims against Clark County and Clark County's counterclaims against CNLV currently are being litigated in the Eighth Judicial District Court, Clark County, Nevada, in Case No. A-11-643529-C.

- 3 -

1 obstruct travel on any road thereon.

3. The use and occupation of said land incident to the exercise of the privileges hereby granted shall be subject to such rules and regulations as the said officer may from time to time prescribe.

6. The United States reserves to itself the right to construct, use and maintain across, over, and/or under the right of way hereby granted, electric transmission, telephone, telegraph, water, gas, gasoline, oil, and sewer lines, and other facilities, in such manner as not to create any unreasonable interference with the use of the right of way herein granted.

10. In the event all or any portion of said land occupied by said Channel shall be needed by the United States, or in the event the existence of said Channel shall be considered detrimental to governmental activities, the grantee shall, from time to time, upon notice so to do, and as often as so notified, remove said Channel and related facilities to such other location or locations on said land as may be designated by said officer, and, in the event said Channel shall not be removed or relocated within 90 days after any aforesaid notice, the United States may cause the same to be done at the expense of the grantee.

11. This easement may be terminated by the Secretary of the Air Force upon reasonable notice to the grantee if the Secretary of the Air Force shall determine that the right of way hereby granted interferes with the use or disposal of said land or any part thereof by the United States, or it may be terminated by the Secretary of the Air Force for failure, neglect, or refusal by the grantee fully and promptly to comply with any and all of the conditions of this grant, or for nonuse, for a two year period or abandonment.

12. On or about October 1, 2008, the United States entered into the EUL with CNLV. The EUL is incorporated herein by reference. Pursuant to the EUL, CNLV leases from the United States approximately forty-one acres of land under the jurisdiction of the Secretary of the Air Force, but located outside the Nellis Air Force Base fence line (the "Leased Premises") for a term of 50 years for purposes of construction and operation of a wastewater treatment facility.

13. The EUL also grants CNLV the right to access an area outside the forty-one acre area "for purpose of constructing and maintaining a discharge line from the Facility to the discharge channel pursuant to the terms of the discharge easement as more specifically described in Exhibit A-1 to the EUL (the "Discharge Easement"). *See* EUL at 5.

14. Exhibit A-1 of the EUL consists of a legal description and drawings depicting the easement area.

15. The EUL and the Discharge Easement demonstrate the United States' intent to grant CNLV an access easement to build and maintain a discharge line and storm water runoff line within the property described in Exhibit A-1 of the EUL from the WRF to a terminus point in the center of the Range Wash.

16. The County's Easement is a non-exclusive, right of way easement for the construction, operation and maintenance of the Sloan Channel and related facilities, terminable by the United States and subject to various conditions.

17. The United States has the authority to grant easements to CNLV which authorize use of the United States' property for the purpose of discharging, conveying, or draining treated effluent or storm water from the WRF, subject to CNLV securing appropriate approval to do so under all Applicable Laws.

18. The United States grants to CNLV, subject to all "Applicable Laws" (as defined in the EUL), a temporary, non-exclusive easement for access and maintenance of the discharge lines and a temporary non-exclusive easement in that portion of the Range Wash and/or Sloan Channel situated on Nellis AFB for discharge, conveyance and drainage of treated effluent and storm water from the WRF. The easement formalizes the rights conveyed from the United States to CNLV on 1 October 2008, the effective date of the EUL. A copy of the easement is attached as Exhibit 1.

19. Each party shall bear its own costs and attorneys' fees in connection with this matter, including costs and fees associated with negotiating and seeking Court approval of this stipulated judgment.

Dated: July 6th, 2012

SNELL & WILMER L.L.P.

*[signature]*

PATRICK G. BYRNE, ESQ.
Nevada Bar No. 7636
RICHARD C. GORDON, ESQ.
Nevada Bar No. 9036
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

*Attorneys for Plaintiff*
*City of North Las Vegas*

Dated: July 6, 2012.

UNITED STATES ATTORNEY

*[signature]*

DANIEL G. BOGDEN, ESQ.
Nevada Bar No. 2137
BLAINE T. WELSH, ESQ.
Nevada Bar No. 4790
333 Las Vegas Blvd S. #500
Las Vegas, NV 89101

*Attorneys for Defendants*
*the United States of America,*
*The United States Department of the Air*
*Force and Michael B. Donley, Secretary of*
*the Air Force*

**ORDER**

**IT IS SO ORDERED:**

*[signature]*

UNITED STATES DISTRICT JUDGE

Dated this 9th day of July, 2012.